**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**Northern Division**

KELSEY WILBORN, JR.                                                    PLAINTIFF

VS.                                          CAUSE NO. 3:22-cv-187-DPJ-FKB

HOLMES COUNTY, WARDEN BARRY RULE, HOLMES COUNTY SHERIFF WILLIE
MARCH, AND CORRECTIONAL OFFICERS JOHN DOES 1-5.

                                                                       DEFENDANTS

---------------------------------------------------------------------------------------------------

**COMPLAINT**
**Jury Trial Demanded**

---------------------------------------------------------------------------------------------------

**COMES NOW,** Plaintiff Kelsey Wilborn, Jr., by and through counsel, and files his
Complaint against Defendants Holmes County et al., for violations pursuant to the Eighth
Amendment to the United States Constitution and 42 U.S.C. § 1983 as follows:

## I. THE PARTIES

1.      Plaintiff Kelsey Wilborn, Jr. is an adult resident citizen of Hamilton County, TN,
recently released from prison. He is currently residing at 7307 Midfield Drive, Chattanooga, TN
37421.

2.      Defendant, Sheriff Willie March, the duly elected Sheriff of Holmes County, is
sued in both his individual and official capacities. Defendant March may be served with process
at 23240 Hwy 12 East, Lexington, MS, 39095, or wherever he may be found. At all material
times, Defendant March was the Sheriff of Holmes County, Mississippi, vested with the
responsibility and authority to hire, train, supervise, set, adopt, implement, and enforce policies
and procedures at the Holmes-Humphreys County/Regional Correctional Facility and to provide
protection to the citizens of Holmes County, Mississippi, and the state of Mississippi, including
Kelsey Wilborn, Jr. Defendant March, at all times material hereto, was acting under color of
state law in his official capacity as the Sheriff of Holmes County, Mississippi, and the actions of
Defendant March were done and performed under the color and pretense of ordinances,
regulations, policies, customs, and usages of Holmes County, Mississippi, and the State of
Mississippi.

3.      Defendant, Barry Rule, is sued in both his individual capacity and in his official
capacity as Warden of Holmes-Humphreys County/Regional Correctional Facility. Defendant
Rule may be served with process at 23234 Hwy 12 East, Lexington, MS 39095, or wherever he
may be found. Defendant Rule, at all times material hereto, was acting under color of state law in
his official capacity as Warden and head prison official of Holmes-Humphreys County/Regional
Correctional Facility. Defendant Rule had the authority, responsibility, and duty to protect the
prisoners under his supervision from violence at the hands of other prisoners. The acts and
omissions of Defendant Rule were done and performed under the color and pretense of the
ordinances, regulations, policies, customs and usages of Holmes County, Mississippi and the
State of Mississippi.

4.      Defendant Holmes County is a political subdivision of the State of Mississippi,
and may be served upon its Chancery Clerk, Charlie Luckett, at 2 Court Square, PO Box 1211,
Lexington, MS 39095.

5.      Defendants John Doe 1-5, in their individual and official capacity as correctional
officers of the MDOC, at the Holmes-Humphreys County/Regional Correctional Facility.
Defendants Doe 1-20, at all times material hereto, were acting under color of state law in their
official capacity as correctional officers of Holmes-Humphreys County/Regional Correctional
Facility.

1

## II. JURISDICTION AND VENUE

6.      This court has federal question jurisdiction pursuant to 28 U.S.C § 1331 and civil rights jurisdiction pursuant to 28 U.S.C. § 1343 for a cause of action arising under 42 U.S.C. § 1983 and the Eight Amendment of the United States Constitution.

7.      Venue is proper in this Court pursuant to 28 U.S.C § 1391 since the wrongful acts alleged in this action occurred in whole or in part within Holmes County, which is located within the Southern District of Mississippi of the United States District Court.

## III. FACTS

8.      Defendants Holmes County, Warden Barry Rule, and Sheriff Willie March, were on notice of multiple prior assaults and attacks on Mr. Wilborn by a gang known as the Vice Lords, and failed to provide staffing levels adequate to protect Mr. Wilborn, or to separate Mr. Wilborn from the general population and the members of the Vice Lords gang.  Being unaffiliated with any gang, Mr. Wilborn was an easy target for the gang members. Upon information and belief, the first attack occurred at the Marshall County Correctional Facility in Holly Springs, MS, and the second beating occurred after being transferred to the Bolivar County Regional Correctional Facility in Cleveland, MS. After each attack, Mr. Wilborn indicated that he wished for protection against future harm and threat from the Vice Lords, for which he filed multiple complaints within the Administrative Remedy Program (ARP) system.

9.      Upon information and belief, Mr. Wilborn submitted written notice ARP reports to officials, on January 4th, 2017, January 3rd, 2018, and August 17, 2018, regarding his fear of being attacked by members of the Vice Lords gang.

10.     Despite his repeated cries for help for assistance and protection, Defendants failed to protect Mr. Wilborn from being violently attacked at the hands of other prisoners affiliated with the Vice Lords gang.

11.     Upon information and belief, Defendants failed to provide staffing at levels adequate to protect Mr. Wilborn and others of attack, or to intervene in the event of an attack by a prisoner to another prisoner. Presence of an adequate number of correctional officers is necessary in order to satisfy the Constitutional requirement to keep inmates safe from cruel and unusual punishment.

12.     Upon information and belief, after receiving written notice of the above attacks through the ARP requests in Mr. Wilborn's inmate file, and after multiple verbal requests for separation and protection, Warden Barry Rule, local prison guards, Holmes County et al, failed to protect Mr. Wilborn by repeatedly placing him back in the general population in the correctional facilities, making him easily accessible to Vice Lords members, violating his Eighth Amendment rights to the United States Constitution.

13.     Defendants Sheriff Willie March and Holmes County, must have a policy, custom, or practice in place, for which inmates' petitions and cries for help are heard, and then passed up the chain from subordinates to supervisors.

14.     Clearly, an effective policy, practice, or custom for protecting the inmates within the system who are at risk, either does not exist, or in the case of Mr. Wilborn, completely failed to exist or act in protecting his humanity and his rights, as he continued to be placed in close confinement with members of the Vice Lords gang.

15.     The acts and omissions of the Defendants were the proximate cause of the injuries and harm suffered by Mr. Wilborn.

16.     On or about April 11, 2019, at least eight fellow prisoners of the Holmes-Humphrey's County/Regional Correctional Facility, jumped and viciously assaulted Mr. Wilborn, beating him until the assailants became tired. During the attack, Mr. Wilborn repeatedly cried for help, and pleaded with correctional officers on duty to remove him from the area.

17. The April 11, 2019 assault occurred within the premises of the Holmes-Humphreys County/Regional Correctional Facility with corrections officers John Does 1-5, upon information and belief, watching closely by from the hall, security tower, and cameras.

18. The corrections officers knew or should have known of the attack, and made no attempt to intervene during the assault of Mr. Wilborn.

19. Once the assailants finally became too tired to continue, corrections officers - after failing to intervene on behalf of Mr. Wilborn - took the battered victim to the emergency room at the University of Mississippi Medical Center Holmes County, in Lexington, Mississippi.

20. Upon admission to the emergency room, Wilborn was diagnosed with unspecified fractures of facial bones, contusions of the head, abrasion of right wrist, and contusion of left hand.

21. Priscilla Pulliam, NP, wrote that Wilborn was an assault victim of a gang fight assaulted by several persons, uncertain if any objects were used. Pulliam reported Wilborn's injuries as: "Frontal and right parietal scalp hematoma. Partially visualized left inferior orbital wall blowout fracture."

22. On February 5th, 2020, the Grand Jurors of the State of Mississippi, taken from the body of the good and lawful men and women of Holmes County, Mississippi, indicted eight of Mr. Wilborn's attackers for Aggravated Assault in relation to the April 11, 2019 attack at the Holmes-Humphreys County/Regional Correctional Facility.

23. After returning to the Holmes-Humphreys County/Regional Correctional Facility following medical treatment for the unprovoked beating he was subjected to, Warden Barry Rule, Holmes County, et al., with deliberate indifference for Mr. Wilborn's health and safety, repeatedly placed Mr. Wilborn back in close contact and confinement with his assailants and Vice Lord members, causing severe mental anguish, and further violated his Eighth Amendment rights.

24. On or about April 11, 2019 and at all relevant times afterwards, Defendant Holmes County et al through its operatives, agents, and/or employees of Holmes-Humphreys Regional County Correctional Facility, maintained exclusive control of the inmates in their custody, including Mr. Wilborn and his eight assailants.

25. In view of the above facts, Defendants Warden Barry Rule, Sheriff Willie March, Holmes County et al, acted with subjective recklessness and deliberate indifference in failing to protect Mr. Wilborn from the threat and ultimate physical violence posed by and perpetrated by the eight assailants, for which the Defendants were on written and verbal notice of the conditions of Mr. Wilborn's incarceration, and that his refusal to affiliate with a gang in prison, namely the Vice Lords, posed a substantial risk of serious harm to Mr. Wilborn, a risk that had resulted in the unnecessary and wanton infliction of pain on multiple prior occasions.

26. The acts and omissions of the Defendants were the proximate cause of the injuries and harm suffered by Mr. Wilborn.

27. After his release from custody, Mr. Wilborn accepted a job as a warehouse worker in Chattanooga, TN. Mr. Wilborn continues to suffer due to his intense body pain in relation to his assault, particularly his shoulder, head, and teeth, rendering him unable to work as a warehouse worker. Mr. Wilborn has since received his Commercial Driver's License, and has received new employment.

28. Mr. Wilborn continues to receive threats from members of the Vice Lords Gang.

3

### IV. COUNT ONE - Violation of Eighth Amendment rights under the United States Constitution and under Chapter 42 United States Code Section 1983 – Failure to Protect from Violence at the Hands of Other Prisoners

29.     Plaintiff realleges and incorporates by references the allegations contained in paragraphs 1-28.

30.     Defendants before, on, and after April 11, 2019, were at all relevant times, acting under color of state law in their dealings, acts, and omissions with Mr. Wilborn.

31.     "[P]rison officials have a duty … to protect prisoners from violence at the hands of other prisoners.'" [1] This duty is derived from the prohibition of "cruel and unusual punishments" [2] in the Eighth Amendment.

32.     The Supreme Court has made it clear that "a prison official violates the Eighth Amendment only when two requirements are met." [3] One is that "the deprivation alleged must be, objectively, 'sufficiently serious.'" [4] "For a claim … based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." [5] "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eight Amendment.'" [6] "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" [7] The Supreme Court has explained that "[i]n prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."

33.     Refusing to adopt an objective test for deliberate indifference, the Supreme Court explained requires that "Eighth Amendment suits against prison officials must satisfy a 'subjective' requirement.'" [8] There are two necessary components of the subjective requirement: (1) "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) "he must also draw the inference." [9] Subjective recklessness is the test for deliberate indifference under the Eighth Amendment. [10]

34.     Plaintiff will show at trial that Warden Barry Rule, Holmes County et al., had significant inferences that Mr. Wilborn's health and safety was at a substantial risk of serious harm at the hands of prisoners in the Vice Lords Gang, and that the inferences were drawn evidence by the verbal warnings provided to the Defendant Rule, as well as the multiple written notices provided in Mr. Wilborn's inmate file, provided by the ARP reports from January 4th, 2017, January 3rd, 2018, and August 17, 2018.

35.     The inference that Mr. Wilborn's health and safety was at a substantial risk of serious harm at the hands of prisoners in the Vice Lords Gang must have been drawn by the Defendants no later than, and as a result of, the April 11, 2019 assault.

36. In the aftermath of the attacks, Defendant Rule continued to fail to protect Mr. Wilborn and acted with subjective recklessness and deliberate indifference, placing Mr. Wilborn back in the general population with his assailants and members of the Vice Lords gang.

37.     Plaintiff will show at trial that he was subjected to the unnecessary and wanton infliction of pain on April 11, 2019, as a direct result of the subjective recklessness and deliberate indifference of Defendants Warden Barry Rule, Holmes County et al., in the failure to protect Mr. Wilborn from violence at the hands of prisoners in the Vice Lords Gang.

---

[1] *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
[2] U.S. CONST. AMEND. VIII.
[3] *Farmer*, at 834, 114 S.Ct. 1970.
[4] *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).
[5] *Id.*
[6] *Id.* (quoting Wilson, 501 U.S. at 297, 111 S.Ct. 2321).
[7] *Id.* (quoting Wilson, 501 U.S. at 297, 111 S.Ct. 2321).
[8] *Farmer*, at 838, 114 S.Ct. 1970 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).
[9] *Id.* at 837, 114 S.Ct. 1970.
[10] *Id.*

## V. COUNT TWO - Violation of Eighth Amendment rights under the United States Constitution and under Chapter 42 United States Code Section 1983 – Failure to Adequately Staff ; Failure to Have a Policy, Practice, or Custom in Place to Handle Complaints

38.    Plaintiff realleges and incorporates by references the allegations contained in paragraphs 1-37.

39.    Defendant March serves as the chief law enforcement officer of Holmes county. Defendant March also serves as the chief officer of the Chancery and Circuit Courts with responsibilities such as, maintaining the county law library, the county courthouse, jail and protection of prisoners.

40.    Defendant Sherriff Willie March, Holmes County et al., had and has a duty to adequately staff correctional facilities to protect inmates' Constitutional rights. [11]

41.    If Defendant March had upheld his duty to adequately staff the Holmes-Humphreys Regional County Correctional Facility, which is under his exclusive control, Mr. Wilborn's verbal and written requests for protective custody from the Vice Lords Gang could have been heard.

42.    If Defendant March had upheld his duty to adequately staff the Holmes-Humphreys Regional County Correctional Facility, which is under his exclusive control, the facility could have the staffing and man power necessary to intervene during the April 11, 2019 assault.

43.    Defendant March et al., should have put in place a policy, practice, or custom regarding the handling of complaints of inmates suffering violent attacks and threats from other inmates. [12] Defendant's policy, practice, or custom either did not exist or completely failed to function properly in relaying the information to superior officers of the violence and constant threat of violence that Mr. Wilborn faced.

44.    As a result of the inadequate staffing, as well as the lack of or failure of a policy, practice, or custom regarding the handling of complaints of inmates, Defendants completely failed to intervene before, during, and after the April 11th, 2019 attack on Mr. Wilborn, which resulted in the unnecessary and wanton infliction of pain, in violation of the Eighth Amendment.

## VI. COUNT THREE - Violation of Eighth Amendment rights under the United States Constitution and under Chapter 42 United States Code Section 1983 – Failure to Intervene

45.    Plaintiff realleges and incorporates by references the allegations contained in paragraphs 1-44.

46.    Defendants Corrections Officer John Doe 1-5, Sheriff Willie March, Warden Barry Rule, and Holmes County had a duty to intervene. Corrections officers have both a duty to intervene during an attack by a fellow officer and a duty to intervene during an attack by an inmate or inmates in the prison in which they work. *See Smith v. Mensinger*, 293 F. 3d 641,650 (3d Cir. 2002): holding that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had reasonable opportunity to intervene and simply refused to do so; *See Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012).

47.    Upon information and belief, during the vicious assault on April 11th, 2019, Defendants, Corrections Officers John Doe 1-5 were watching closely by from the hall, security tower, and cameras, as Mr. Wilborn was savagely beaten by eight assailants.

48.    Instead of intervening and protecting Mr. Wilborn from the unnecessary and wanton infliction of pain, Defendants, Corrections Officers John Doe 1-5, stood recklessly by

---

[11]*Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).
[12] *Id.*

with deliberate indifference, as they watched the beating from the hall, the security tower, and the cameras, until the assailants became too tired to assault Mr. Wilborn any further.

49.     In the aftermath of the attacks, Defendants failed to protect Mr. Wilborn and acted with subjective recklessness and deliberate indifference, placing Mr. Wilborn back in the general population with his assailants and members of the Vice Lords gang.

## VII. DAMAGES

50.     Plaintiff is entitled to recover the following compensatory damages against all Defendants:

- Damages for severe bodily injuries;
- All past and future medical expenditures;
- Past and future pain and suffering;
- Lost wages;
- Past and future mental anguish and emotional distress;
- Loss of enjoyment of life; and
- Reasonable attorneys' fees.

51.     Due to the egregious nature of Defendant's failure to intervene on behalf of Mr. Wilborn's life and safety, Plaintiff is entitled to recover punitive damages against Defendants.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants for compensatory damages in an amount to be determined by a jury. Plaintiff requests that he be awarded reasonable attorneys' fees and all costs of Court, together with post-judgement interest. Plaintiff further requests such other and more general relief to which he is entitled.

**RESPECTFULLY SUBMITTED**, this the 8th day of April, 2022.

By: _S. Watson Turnipseed_

S. Watson Turnipseed
**ATTORNEY FOR PLAINTIFF**
MS. Bar. No. 106247; LA. Bar. No. 40088
400 Walnut St.
Sumner, MS, 38957
829 Baronne St.
New Orleans, LA, 70113
662-645-8636 (C)
watsonturnipseed@gmail.com

6