UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELSEY WILBORN, JR.                                           PLAINTIFF

V.                                    CIVIL ACTION NO. 3:22-CV-187-DPJ-FKB

HOLMES COUNTY, ET AL.                                        DEFENDANTS

ORDER

Defendants Warden Barry Rule and Holmes County Sheriff Willie March seek qualified

immunity on the individual-capacity claims against them in this § 1983 case.  As explained

below, their Motion for Partial Summary Judgment [15] is granted.

I.      Facts and Procedural History

A state-court jury convicted Plaintiff Kelsey Wilborn, Jr., of selling cocaine in 2002; he

was sentenced to a 30-year term of imprisonment as a habitual offender.  *Wilburn v. State*, 856

So. 2d 686, 687 (Miss. Ct. App. 2003).  Wilborn served part of his sentence at the Holmes-

Humphreys Regional Confinement Facility in Holmes County, Mississippi.  While Wilborn was

incarcerated there, on April 11, 2019, "eight fellow prisoners . . . jumped and viciously attacked

[him], beating him until the assailants became tired."  Compl. [1] ¶ 16.

Claiming that Holmes County, Warden Rule, and Sheriff March failed to protect him

from inmate-on-inmate violence, Wilborn filed this lawsuit on April 8, 2022.  He asserts three

§ 1983 claims alleging Defendants violated his Eighth Amendment rights:  Count One alleges a

failure-to-protect claim; Count Two contends Defendants failed to adequately staff the prison

and failed "to have a policy, practice, or custom in place to handle complaints," *id.* at 5; and

Count Three asserts a failure-to-intervene claim.  After answering the Complaint, March and

Rule filed their Motion for Partial Summary Judgment, asserting qualified immunity as to the individual-capacity claims against them.

II.      Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

All three counts assert claims under 42 U.S.C. § 1983 for allegedly violating Wilborn's

Eighth Amendment right to protection from cruel and unusual punishment.  To prove a claim

under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws

of the United States, and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Daniel v.*

*Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

Rule and March seek summary judgment on all claims asserted against them in their

individual capacities.  In response, Wilborn clarifies that Count Two of the Complaint is asserted

against those Defendants in their official capacities only.  Pl.'s Mem. [20] at 9.  Given this

clarification, Defendants' motion is granted as to Count Two to the extent it can be read to assert

a claim against Rule and March in their individual capacities.

The other two claims appear to be asserted against Rule and March in their individual

capacities, so Defendants seek qualified immunity.  "Qualified immunity protects law

enforcement officers from suit and liability for damages if their 'conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have

known.'"  *Ramirez v. Martin*, No. 22-10011, 2022 WL 16548053, at *2 (5th Cir. Oct. 31, 2022)

(quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  "[T]o strip [Defendants]

of qualified immunity, [Wilborn] must show that they '(1) violated a constitutional right and (2)

that "the right at issue was 'clearly established' at the time of [the] alleged misconduct."'"  *Id.*

(quoting *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022)).  Courts considering a motion

raising qualified immunity may "address either or both prongs."  *Escajeda*, 44 F.4th at 291.

A.      Count One

In Count One, Wilborn alleges Defendants failed to protect him as required by the Eighth

Amendment.

> "[T]he treatment a prisoner receives in prison and the conditions under which he
> is confined are subject to scrutiny under the Eighth Amendment."  *Cantu v. Jones*,
> 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832
> . . . (1994)).  In particular, the Eighth Amendment imposes on prison officials a
> duty to protect prisoners from violence at the hands of other inmates.  *Id.*  Prison
> officials are not, however, expected to prevent all inmate-on-inmate violence.
> *Farmer*, 511 U.S. at 834 . . . .   Prison officials can be held liable for their failure
> to protect an inmate only when they are deliberately indifferent to a substantial
> risk of serious harm.  *See id.*

*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).  "An official is deliberately indifferent if he

or she both knows of an excessive risk of harm and disregards that risk.  Knowledge, in this

context, requires that an official is both aware of facts from which an inference of harm could be

drawn and actually draws that inference."  *Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018)

(citing *Adames*, 331 F.3d at 512) (additional citation omitted).

Rule and March have both submitted affidavits in which they deny they were aware,

before the attack, that Wilborn's fellow inmates "posed any significant threat of serious bodily

harm to him."  March Aff. [15-1] ¶ 2; Rule Aff. [15-2] ¶ 2.  Wilborn *argues* that this and other

issues present material fact questions for the jury.  Pl.'s Mem. [20] at 2, 7.  But it is not enough

to simply identify disputed facts.  When, as in this case, the movant meets his burdens under

Rule 56, the "opponent must do more than simply show that there is some metaphysical doubt as

to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986).  "Instead, the non-movant 'is required to identify specific evidence in the record and to

articulate the precise manner in which that evidence supports his or her claim.'"  *Ukpong v. Int'l

Leadership of Tex.*, No. 21-11111, 2022 WL 6935140, at *2 (5th Cir. Oct. 12, 2022) (quoting

*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

Conclusory allegations and speculation won't do.  *TIG Ins. Co.*, 276 F.3d at 759.

Wilborn offers two properly supported facts to avoid summary judgment, both found in his own affidavit.  First, he says he warned "the Zone Officer and other prison staff" before April 11, 2019, "that the Vice Lords were trying to kill [him,] get after [him,] and hurt [him.]"  Pl.'s Mem. [20] at 19 (Wilborn Aff. ¶¶ 7–8).  But Wilborn never says he warned Rule or March of the risk, and he offers no record evidence suggesting that either Defendant had been informed. Second, he states that he filed ARP Requests while at other jails complaining about the risk he faced from the Vice Lords.  *Id.* (Wilborn Aff. ¶¶ 4–6).  But again, the affidavit fails to show that either Defendant was aware of the ARPs he filed at other facilities.

Wilborn offers no other pertinent record evidence and has not created a material dispute over whether Rule or March knew he faced "a substantial risk of serious harm."  *Adames*, 331 F.3d at 512.  He has not, therefore, met his burden of showing that they acted with deliberate indifference.  *Id.*; *see also Stout v. Vincent*, 717 F. App'x 468, 471 (5th Cir. 2018) ("The Plaintiff bears the burden of proving that a government official is not entitled to qualified immunity." (quoting *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005))).  Rule and March are entitled to qualified immunity on the claim in Count One against them in their individual capacities.

B.     Count Three

In Count Three, Wilborn mainly faults the John Doe Correctional Officers who were nearby during his assault for failing to intervene.  *See* Compl. [1] ¶¶ 47–48.  Wilborn does not allege Rule or March was among those officers.  But he does aver that, after his assault, prison officials "plac[ed him] back in the general population with his assailants and members of the Vice Lords gang."  *Id.* ¶ 49.  And in his affidavit, he says that he "personally" spoke with Rule

after the attack and "warned" him "that it would happen again . . . and that [his] safety remained at a serious risk."  Pl.'s Mem. [20] at 20 (Wilborn Aff. ¶ 10).

Wilborn makes no similar allegation with respect to March, so Count Three is dismissed as to March in his individual capacity.  As for Rule, Wilborn offers no evidence that he was again attacked or in any way harmed.  Defendants suggest this means Wilborn has not stated a claim for an Eighth Amendment violation as to his housing placement after the attack, but they do not squarely make such an argument or support it with legal authority.  *See* Defs.' Reply [23] at 7 ("[A]ccording to the uncontested record before this Court, the measures taken by Warden Rule were successful in preventing further attacks on Plaintiff while he was at the HHRCF.").

Even assuming Wilborn's allegation that he "continued to be threatened and oppressed daily by the Vice Lords" could support an Eighth Amendment claim against Rule, Wilborn has not shown that Rule's conduct violated clearly established law.  Pl.'s Mem. [20] at 20 (Wilborn Aff. ¶ 10).  The plaintiff "bear[s] the burden to rebut [the] qualified immunity defense and demonstrate that there were [constitutional] rights that were clearly established at the time of the constitutional violation."  *Keller v. Fleming*, 952 F.3d 216, 221 (5th Cir. 2020).  "To show the law is clearly established, a party must 'identify a case where an officer acting under similar circumstances . . . was held to have violated'" the plaintiff's federal rights.  *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *District of Columbia v. Wesby*, ––– U.S. ––––, 138 S. Ct. 577, 589 (2018)).  Moreover, "[t]his inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition."  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citations omitted, punctuation altered).  Wilborn lightly addressed this claim in his response and cited no legal authority suggesting that Rule violated clearly established law.  Both Defendants are entitled to qualified immunity as to Count Three.

IV.     Conclusion

        The Court has considered all arguments.  Those not addressed would not have changed

the outcome.  For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [15]

is granted.  All claims against Rule and March in their individual capacities are dismissed.  The

parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball

within 14 days to re-set the case for a case-management conference.

        **SO ORDERED AND ADJUDGED** this the 19th day of December, 2022.

                                        s/ *Daniel P. Jordan III*_____
                                        CHIEF UNITED STATES DISTRICT JUDGE