UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KELSEY WILBORN, JR.                                                                                           PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:22-CV-187-DPJ-FKB

HOLMES COUNTY, ET AL.                                                                                     DEFENDANTS

ORDER

Following dismissal of the individual-capacity claims in this § 1983 case, the remaining defendants have filed a motion for judgment on the pleadings and a motion to stay discovery. Plaintiff responded with a motion for discovery. As explained below, Plaintiff's motion for discovery is denied. Defendants' motion for judgment on the pleadings is granted, but the Court will give Plaintiff an opportunity to seek leave to amend. And Defendants' motion to stay discovery is considered moot.

I.      Facts and Procedural History

A state-court jury convicted Plaintiff Kelsey Wilborn, Jr., of selling cocaine in 2002; he was sentenced to a 30-year term of imprisonment as a habitual offender. *Wilburn v. State*, 856 So. 2d 686, 687 (Miss. Ct. App. 2003). Wilborn served part of his sentence at the Holmes-Humphreys Regional Confinement Facility (HHRCF) in Holmes County, Mississippi. While Wilborn was incarcerated there, on April 11, 2019, "eight fellow prisoners . . . jumped and viciously attacked [him], beating him until the assailants became tired." Compl. [1] ¶ 16.

Wilborn filed this lawsuit against Holmes County, Warden Barry Rule, and Holmes County Sheriff Willie March on April 8, 2022, alleging that Defendants failed to protect him from inmate-on-inmate violence. On December 19, 2022, the Court granted Rule and March's motion for partial summary judgment and dismissed the individual-capacity claims against them.

Defendants now ask the Court to enter judgment in their favor on the remaining claims. In response, Plaintiffs filed a motion under Rule 56(d) for discovery.

II.     Motion for Discovery

Wilborn says that "because facts outside the pleadings . . . have been raised" in Defendants' motion, the Court should convert the motion to one for summary judgment and permit discovery under Rule 56(d). Pl.'s Mem. [35] at 5; *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The problem with Wilborn's argument is that Defendants did not present matters outside the pleadings in support of their Rule 12(c) motion. The "facts outside the scope of the pleadings" Wilborn cites are references to the Mississippi Code regarding the Mississippi Department of Corrections' responsibilities as to inmates in its custody. Pl.'s Mem. [35] at 6. But "federal courts take judicial [notice] of the laws, statutory and judicial of all the states." *Budget Rent-A-Car Corp. v. Fein*, 342 F.2d 509 n.11 (5th Cir. 1965). And the Court can consider matters of which it may take judicial notice without converting a motion under Rule 12 into one for summary judgment. *Funk v. Styker Corp.*, 631 F.3d 777, 782–83 (5th Cir. 2011). The Court need not convert Defendants' motion under Rule 12(d).

And when Defendants' motion is properly considered as a motion under Rule 12(c), Rule 56(d) has no application. *See James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 WL 5604660, at *2 (N.D. Miss. Sept. 18, 2020) ("[Rule 56(d)] is inapplicable to motions for judgment on the pleadings." (citing *Montano v. Centurion Corr. Healthcare of N.M., L.L.C.*, No. 15-415, 2019 WL 3415562, at *2 (D.N.M. July 29, 2019))). Where a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686

(2009); *see Ackerson v Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) ("Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist the [p]laintiffs in defending the 12(c) motion."). Wilborn's Rule 56(d) motion [34] is denied.

III.    Motion for Judgment on the Pleadings

    A.    Standard

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). "[T]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To avoid dismissal, a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 439 (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting

3

*Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). The standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

B. Analysis

1. The Timing of Defendants' Motion

Wilborn first complains that Defendants' motion comes too early, contending that because the Court has not yet held a case-management conference and set a deadline for motions to amend the pleadings, the pleadings are not "closed" as required by Rule 12(c). Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings."). But under Rule 7(a), "the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed." Wright & Miller, Federal Practice & Procedure § 1367. "The fact that under the court's scheduling order there is still time for a party to move for leave to amend does not affect this reasoning." *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. 3:02-CV-32-D, 2002 WL 31114077, at *1 n.1 (N.D. Tex. Sept. 20, 2002). Defendants' motion is procedurally proper.

Wilborn next says that he should be allowed discovery before having to defend the merits of his claims, invoking Rule 56(d). *See* Fed. R. Civ. P. 56(d) ("If a [summary-judgment] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . ."). But, as explained above, Rule 56(d) "is inapplicable to motions for judgment on the pleadings." *James*, 2020 WL 5604660, at *2 (N.D. Miss. Sept. 18, 2020). The Court may consider Defendants' motion.

4

### 2. The Official-Capacity Claims against Rule and March

Wilborn's claims against Rule and March in their official capacities are treated as claims against the governmental entity that employs them. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In this case, it is not entirely clear which entity employed Defendants. March is sued in his official capacity as the Sheriff of Holmes County, and Rule is named in his official capacity as Warden of the HHRCF. Pursuant to section 47-5-931(1) of the Mississippi Code, the Mississippi Department of Corrections has contracted with Holmes and Humphreys Counties "to provide for housing, care and control of offenders who are in the custody of the State of Mississippi." By statute, March "is designated as the Chief Corrections Officer" for HHRCF and "assume[s] responsibility for management of the corrections facility and for the provision of the care and control of the state offenders housed therein." Miss. Code Ann. § 47-5-935.

Based on this statutory scheme, Defendants say that to the extent Rule and March are sued in their official capacities with HHRCF, the claims against them are effectively claims against an arm of the State of Mississippi. And an arm of the state is entitled to Eleventh Amendment immunity and is not a person that can be liable under § 1983. *Adams v. Recovery Sch. Dist. ex rel. La. Dep't of Educ.*, 463 F. App'x 297, 298 (5th Cir. 2012) ("For purposes of § 1983, states and arms of a state are not 'persons,' and a § 1983 claim may therefore not be brought against those entities or their officials acting in an official capacity."); *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 580 (N.D. Miss. 2011) (explaining that "[a] suit against a state agency 'is a suit against the state' when that agency is an arm of the state" and that Eleventh Amendment immunity "bars all suits . . . against the state and its departments" (quoting *Daigle v. Gulf State Utils., Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986))). On the other hand, Defendants argue that if the official-capacity claims are asserted against them as

agents of Holmes County, the claims are redundant of the claims against the county and should be dismissed. *See Brown v. City of Houston*, No. H-17-1749, 2019 WL 7037391, at *3–4 (S.D. Tex. Dec. 20, 2019) (Rosenthal, C.J.) (collecting cases).

Wilborn does not respond to these arguments, arguably waiving any argument to the contrary. *See Turner v. Ascendium Educ. Grp.*, No. 20-660-JWD-EWD, 2021 WL 5510232, at *4 (M.D. La. Nov. 24, 2021) (collecting cases). And Defendants' arguments seem correct: the official-capacity claims are either barred by the Eleventh Amendment and because HHRCF is not a person under § 1983, or they are redundant of the claims against Holmes County. Either way, the claims are due to be dismissed.

> 3. The Claims against Holmes County

That leaves Wilborn's claims against Holmes County, for which Wilborn must meet the standards for municipal liability. Municipal liability "is difficult to prove . . . because, unlike private companies, municipalities are not liable for negligent actions their employees take. Instead, they are liable only if the policymakers themselves were involved in the unconstitutional acts." *Anderson v. Marshall County*, 637 F. App'x 127, 133 (5th Cir. 2016). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 1995) (quoting *Monnell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). "The existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). Alternatively, a plaintiff may show an official policy through proof of "[a] persistent, widespread practice of city officials or employees, which . . . is so common and well

settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.3d 838, 841 (5th Cir. 1984). Finally, to establish "moving force" causation, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Valle*, 613 F.3d at 542 (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 411 (1997)).

The Complaint does not identify an official municipal policy that caused an alleged deprivation of Wilborn's constitutional rights. The closest it comes is complaining that (1) HHRCF was understaffed and (2) Holmes County lacked "a policy, practice, or custom regarding the handling of complaints of inmates suffering violent attacks and threats from other inmates." Compl. [1] ¶ 43. Starting with the former, an allegation of understaffing, without more, is "insufficient to establish deliberate indifference to [an inmate's] health or safety." *Moneer v. Harrison Cnty. Detention Ctr.*, No. 1:07-CV-1060-LG-JMR, 2008 WL 4450255, at *5 (S.D. Miss. Sept. 29, 2008); *see also Morgan v. Mississippi*, No. 2:08-CV-15-MTP, 2009 WL 1609060, at *11 (S.D. Miss. June 8, 2009) (collecting cases). And as Defendants note, "any argument that the[] eight assailants would reassess their decision to assault Plaintiff if there had been additional staff, or that with additional staff the correctional officers could have overtaken the[] eight assailants during the assault, is speculative at best." Defs.' Reply [29] at 6.

As for the alleged absence of a policy on handling inmate complaints, "[a] municipality may be held liable under section 1983 for failing to adopt a policy when that failure rises to the level of 'deliberate indifference' to the need for such a policy." *Gonzales v. Westbrook*, 118 F. Supp. 2d 728, 737 (W.D. Tex. 2000). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cnty. Commissioners of*

*Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "A pattern of similar constitutional violations [due to the absence of a policy] is 'ordinarily necessary' to demonstrate deliberate indifference" in this context. *Id.* at 62 (quoting *Brown*, 520 U.S. at 409). "[W]ithout such a pattern, the need for [a policy cannot be said to] have been 'plainly obvious' to" the municipality. *Jackson v. Valdez*, 852 F. App'x 129, 136–37 (5th Cir. 2021) (quoting *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018)), *cert denied*, 142 S. Ct. 863 (2022).

Wilborn's complaint contains no allegations suggesting that Holmes County's failure to adopt "a policy, practice, or custom regarding the handling of the complaints of inmates" was deliberately indifferent to the need for such a policy. Compl. [1] ¶ 44. The complaint does not allege any previous similar inmate-on-inmate attacks at HHRCF, much less a pattern of attacks. Wilborn has not pleaded a claim for municipal liability.

That said, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing. Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). The Court will permit Wilborn an opportunity to seek leave to amend. Should Wilborn choose to file a motion to amend, the motion should be filed within 14 days of the entry of this order and should include as an exhibit a proposed amended complaint as required by Local Rule 15.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [25] is granted, but Wilborn shall have an opportunity to seek leave to amend if he so desires. A

properly supported motion for leave to amend should be filed within 14 days of the entry of this order. If no motion to amend is filed within that time period, the Court will enter a final judgment in accordance with Federal Rule of Civil Procedure 58 with no further notice. Plaintiff's Motion for Discovery [34] is denied; Defendants' Motion to Stay [30] is considered moot.

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2023.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE